IN THE SUPREME COURT OF THE STATE OF NEVADA

TRAVIS SHEFFIELD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76200

FILED

JUL 01 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

Appellant Travis Sheffield was convicted, pursuant to a jury verdict, of first degree murder with use of a deadly weapon, assault with a deadly weapon, and offer or attempt to sell controlled substance. He was sentenced to an aggregate 392 months to life in prison. Sheffield appeals his first degree murder conviction. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. We affirm.

Decedent Jonathan Collins was shot and killed following a failed drug transaction, while attempting to exit his parked vehicle. Collins's girlfriend, Julie Kniesl, was in the passenger seat and witnessed the shooting. At preliminary hearing, Kniesl identified appellant, Travis Sheffield, as the shooter. In addition to Kniesl's testimony at Sheffield's trial confirming her identification of Sheffield and describing the circumstances of the shooting, Rufus Davis testified that Sheffield had advised him of his intent to rob Collins and Kniesl. A large-scale purchase of marijuana between the foursome had fallen through, and Davis testified that he and Sheffield did not want to let a chance at obtaining the roughly $8,000 "go by." Davis further testified that he left Sheffield in the backseat of Collins's car to commit the robbery, with Kniesl in the passenger seat, and that as he walked away he heard a gunshot. An acquaintance of Sheffield and Davis also testified at trial that Sheffield's uncle once gave

19-28138

him a ride to a mechanic, during which Sheffield confessed to shooting Collins under the circumstances described above. A jury convicted Sheffield on all counts, including murder in the first degree with use of a deadly weapon. Sheffield now appeals his first degree murder conviction based on insufficient evidence.

Sheffield's complaints largely stem from his mistaken belief that the testimony of the prosecution witnesses, as laid out above, was insufficient to support his conviction, given what he perceives as an "utter lack of physical evidence" tying him to the crime scene. But, Sheffield appears to now *admit* that he was present at the scene, seemingly negating the need for direct evidence proving the same. *Purgess v. Sharrock*, 33 F.3d 134, 144 (2d Cir. 1994) ("Counsel's statement of fact [in appellate brief] constituted an admission of a party."); *see Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988) (holding that "statements of fact contained in a brief *may* be considered admissions of the party in the discretion of the district court"). And, even setting Sheffield's apparent admissions aside, this court has made plain that eye-witness testimony *is* sufficient to sustain a conviction, even without physical evidence, provided that, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Koza v. State*, 100 Nev. 245, 250, 681 P.2d 44, 47 (1984) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The essential elements of first degree murder are established by evidence of a "willful, deliberate and premeditated killing." *Byford v. State*, 116 Nev. 215, 234, 994 P.2d 700, 713 (2000) (quoting NRS 200.030(1)(a)). Put differently, the prosecution must demonstrate (1) the accused's intent to kill, (2) his having weighed different courses of action

"with coolness and reflection," and (3) his having ultimately arrived at a determination to kill. *Byford*, 116 Nev. at 235-37, 994 P.2d at 714 (internal quotation marks omitted). This court has made plain that "[t]he law does not undertake to measure . . . the length of the period during which the thought must be pondered before it can ripen into an intent to kill which is truly deliberate and premeditated." *Id.* at 237, 994 P.2d at 714-15. Indeed, "[i]t may be as instantaneous as successive thoughts of the mind." *Id.* at 237, 994 P.2d at 714.

Here, the prosecution presented testimony that Sheffield shot Collins in the torso with a .32 caliber firearm, at extremely close range, such that the bullet severed Collins's aorta and punctured his lungs. A medical examiner and coroner confirmed the weapon caliber and its proximity to Collins' torso at the time the shot was fired. A reasonable jury could certainly have determined that such action was undertaken with intent to kill. *See Valdez v. State*, 124 Nev. 1172, 1204, 196 P.3d 465, 486 (2008) (holding that "the jury may infer intent to kill from the defendant's use of a deadly weapon").

With regard to premeditation and deliberation, Kniesl testified that, prior to the shooting, Sheffield sat in the backseat with his arms folded for several minutes, before ultimately pulling out a gun that he had apparently brought with him. Kniesl further testified that after brandishing the gun and demanding money, Sheffield put his hand on Collins's shoulder and the gun to Collins's side, saying, "F*** you," before firing the fatal shot. No evidence was presented that Sheffield's passions were somehow aroused during this period, indeed Kniesl testified that Sheffield "was real quiet. He wasn't talking or anything." A reasonable jury could have determined, based on this testimony, that Sheffield had

SUPREME COURT
OF
NEVADA

(O) 1947A

3

taken time to coolly deliberate, settling on a design to kill Collins. *See Briano v. State*, 94 Nev. 422, 425, 581 P.2d 5, 7 (1978) (evidence of deliberation and premeditation may be circumstantial and includes "the sequence of events which leads to the death of the victim").

Rather than seriously debating the sufficiency of the substance of this testimony, Mr. Sheffield attempts to attack the prosecution witnesses' credibility, based on (1) Davis receiving a favorable plea deal, (2) Johnson and Kniesl having had some relationship with Davis, (3) Johnson lacking a receipt for car repairs necessitating the ride during which he testified Sheffield confessed, (4) the passage of time between the crime and Kniesl's identification of Sheffield, (5) Kniesl's uncertainty as to the shooter's hairstyle due to his having worn a bandana, and (6) Kniesl's prior conviction for wrongfully obtaining food stamp assistance. To the extent these issues can even be said to bear on the witnesses' credibility, they were fully developed at trial, in person, before the jury. And "[i]t is the jury's function, not that of the court . . . to determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

The jury weighed the corroborating statements given by the various prosecution witnesses, and apparently deemed them credible. This court will not replace the fact-finders' judgment with its own. *See id.*[1]

---

[1]Sheffield attempts to raise a handful of other challenges to his conviction, but fails to cogently argue them, much less offer sufficient legal support for the same. We therefore decline to analyze their merits here. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. Douglas W. Herndon, District Judge
Mace J. Yampolsky, Ltd.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk